THE KIMBERLY & CLARK COMPANY, Respondent, vs. HEWITT and others, Appellants.

*March 3 — March 17, 1891.*

*Eminent domain: Riparian rights.*

1. A riparian owner upon a river has no right to divert the water thereof, or a material part of it, through his own land and return it to the river below the land of a lower proprietor, and thus deprive him of the use thereof.

2. The act of Congress of 1875, ch. 166, giving to parties whose property is injured by certain improvements made on Fox river, a right of action against the United States in the courts of this state, to determine the amount of compensation to which they are entitled, affords an adequate means for obtaining compensation for such injuries.

APPEAL from the Circuit Court for *Outagamie* County.

This case was here on a former appeal from an order overruling a general demurrer to the complaint, and the order was affirmed. 75 Wis. 371. It is sufficient to refer to the report of the case on that appeal for a statement of the nature and objects of the action as disclosed in the complaint. It need only be stated here that the controversy relates to the right claimed by defendants to divert one half the water running in Fox river into a channel to be excavated on their own land abutting the river, above land of the plaintiff, also abutting the river, and to discharge such water into the river below plaintiff's land. It also relates to the ownership of certain surplus water-power created by a dam across Fox river, erected on the same land of plaintiff, by authority of the state, for the purpose of improving the navigation of the river. The Green Bay & Mississippi Canal Company is the immediate grantor of plaintiff of the lands on opposite sides of the river on which the two ends of the dam rest; and of all the hydraulic power created by the dam, subject to navigation.

The history of the legislation concerning the improvement of Fox river, and the grounds upon which the canal company claim to own all the surplus water-power created by the improvement, are fully stated in the case of *Green Bay & M. Canal Co. v. Kaukauna W. P. Co.* 70 Wis. 635, and do not require repetition here.

The circuit court found, among other things, that the defendants claimed the right, and threatened, to divert the waters of the river as above stated. The findings are very full, and quite lengthy, and it is unnecessary to repeat them. They include the facts above stated, as well as those referred to in the case in 70 Wis. 635.

Judgment for plaintiff was ordered and duly entered, restraining the defendants from diverting any of the water from the pond created by the dam, or from interfering therewith in any manner to the injury of plaintiff. The defendants appeal from the judgment.

*David S. Ordway* and *S. U. Pinney*, for the appellants, to the point that the act of Congress of 1875, ch. 166, was invalid, because it did not, even while in force, provide any adequate mode for obtaining compensation for injuries to property caused by the improvements of the Fox and Wisconsin rivers, nor any certain fund therefor, cited *Conn. Riv. R. Co. v. County Com'rs,* 127 Mass. 50; *People v. Hayden,* 6 Hill, 361; *Rexford v. Knight,* 11 N. Y. 314; *Chapman v. Gates,* 54 N. Y. 146. They also contended that if, by the act of our legislature of August 8, 1848, the state became the owner of the water-power created by the improvements, that act was unconstitutional and void, as taking private property without due process of law and for a private purpose. *Varick v. Smith,* 5 Paige, 145; 9 id. 547; *Smith v. Rochester,* 92 N. Y. 463; *Cooper v. Williams,* 4 Ohio, 254; *S. C.* 5 id. 393; *Buckingham v. Smith,* 10 id. 288; *Davidson v. New Orleans,* 96 U. S. 97; *Virginia v. Rives,* 100 id. 313; *Neal v. Delaware,* 103 id. 370; *Spencer*

*v. Marchant*, 125 id. 345. The land used for the canal was not condemned, but was obtained by deed, and by that deed and the consent of both parties, the center line of the canal was the boundary, and the grantor of the appellants was left the owner of the north bank and to the center of the river above the dam and of the canal, with all the rights of riparian owner, subject only to the public use for navigation. *Weatherby v. Meiklejohn*, 56 Wis. 77; *Lawson v. Mowry*, 52 id. 219; *Townsend v. McDonald*, 12 N. Y. 381; *Jones v. Pettibone*, 2 Wis. 320; *Wis. Riv. Imp. Co. v. Lyons*, 30 id. 61; *Olson v. Merrill*, 42 id. 210; *Delaplaine v. C. & N. W. R. Co.* 42 id. 214; *Sweaney v. United States*, 62 id. 396; Angell on Watercourses, §§ 141, 166; Gould, Waters, §§ 196, 225; *Cary v. Daniels*, 5 Met. 238; *Crittenden v. Alger*, 11 id. 284; *Boston v. Richardson*, 13 Allen, 155; *Agawam Canal Co. v. Edwards*, 36 Conn. 476; *Goodyear v. Shanahan*, 43 id. 204; *Dunkee v. Wilton R. Co.* 24 N. H. 489. The appellants are entitled to the benefit of the increased fall on their land caused by the improvements. Angell, Watercourses, § 75; *Tourtellot v. Phelps*, 4 Gray, 376.

For the respondent there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper*. They contended that the respondent's title to the water-power has been conclusively established by the decision in *Green Bay & Miss. C. Co. v. Kaukauna W. P. Co.* 70 Wis. 635. Also, that a riparian owner upon an artificial water-course has no right, as such, to draw water therefrom for hydraulic purposes, to the injury of other riparian proprietors above or below, citing the authorities relied upon by the court.

LYON, J. Under the judgment of this court on the former appeal it is *res adjudicata* in this case that, if the defendants have not the lawful right to divert the waters of Fox river (or, rather, one half thereof) from the natural channel of the river to their own land, and to discharge the

The Kimberly & Clark Co. vs. Hewitt and others.

same into the river below the plaintiff's land, and if they threaten to do so, the plaintiff is entitled to the injunction which it has obtained. It is proved that they threaten such diversion of the water. For either of two reasons which will now be stated we think the defendants have no such right, and hence the judgment should be affirmed.

I. The parties are contiguous riparian owners on Fox river, the land of defendants being above that of the plaintiff. The defendants claim the right to divert one half the water running in the river to their land, and to discharge the same into the river below plaintiff's land, and threaten to do so. We are aware of no law which confers on them any such right, even though it were held that the plaintiff is not the owner of the surplus water-power created by the dam. The rule is elementary that, unless affected by license, grant, prescription, or public right, or the like, every proprietor of land on the bank of a stream of water, whether navigable or not, has the right to the use of the water as it is wont to run, without material alteration or diminution; and no riparian owner has the right to use the water of the stream to the prejudice of other riparian owners above or below him, by throwing it back on the former or subtracting it from the latter. *Lawson v. Mowry*, 52 Wis. 219, and cases cited in the opinion by Mr. Justice CASSODAY; Ang. Water-courses (7th ed.), ch. 4, p. 98, note 2; Burrill, Law Dict. tit. "*Ut Currere Solebat.*"

II. In the case of 70 Wis., above cited, it was held, after much deliberation, that the canal company is the owner of such surplus water-power. The correctness of that ruling is vigorously challenged by the able counsel for defendants. Only one argument urged by them will be here noticed, and that briefly. They maintain that the act of Congress of 1875, ch. 166 (considered in the *Kaukauna Case*, and which was repealed in 1888), did not, while in force, supply any adequate means for obtaining compensation for in-

juries to property caused by the improvement. We think otherwise. We understand that ch. 166 gave a right of action in the state courts against the United States to ascertain the amount of such compensation, and we cannot doubt that it pledges the faith of the government to pay all damages so ascertained. It cannot be presumed that the government will violate its obligations in that respect. So we are of the opinion that the act of 1875 furnished an adequate mode for obtaining compensation for such injuries. We are satisfied with our conclusion in the *Kaukauna Case*, and must therefore adhere to it. This case is not distinguishable therefrom in principle. Having held that the canal company owns the surplus water-power created by the improvement, we must hold that it owned the surplus water-power here in question, and that it has effectually conveyed it to plaintiff, as it lawfully might. Hence, for this reason also, the defendants had no lawful authority to make the threatened diversion of the water of the river.

*By the Court.*— Judgment affirmed.